UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID CORCORAN

        Plaintiff,

                                    Case Number 09-10163

v.                                     Honorable Thomas L. Ludington

STATE OF MICHIGAN,

        Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE, AND CANCELING HEARING

On January 14, 2009, Plaintiff David Corcoran filed a complaint against his employer, Defendant State of Michigan, alleging three counts: (1) violations of 42 U.S.C. §§ 1983, 1981, and 1985; (2) violations of the Michigan Elliot-Larson Civil Rights Act, Mich. Comp. Laws. § 37.2101, et seq.; and (3) violations of the Michigan Freedom of Information Act, Mich. Comp. Laws § 15.231, et seq. Generally, Plaintiff alleges that Defendant failed to hire or promote him to a position based on his gender and age and that Defendant failed to respond to Plaintiff's request for information related to the hiring process pursuant to the Michigan Freedom of Information Act.

On February 17, 2009, Defendant filed a motion to dismiss [Dkt. # 5] contending that this Court lacks personal jurisdiction over Defendant, who is entitled to immunity from suit in federal court under the Eleventh Amendment to the United States Constitution. Plaintiff filed a response [Dkt. # 11] on April 10, 2009, and Defendant filed a reply [Dkt. # 12] on April 17, 2009. The Court has reviewed the parties' submissions and finds that the facts and the law have been sufficiently set forth in the motion papers. The Court concludes that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted.

*Compare* E.D. Mich. LR 7.1(e)(2).

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Generally, under the Eleventh Amendment, a state is immune from being sued in federal court, unless it waives that immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 97-99 (1984). In this case, there is no suggestion by Plaintiff or otherwise that Defendant has waived its immunity and consented to suit in federal court. *See, e.g.*, *Ku v. State of Tennessee*, 322 F.3d 431, 435 (6th Cir. 2003) (finding that the State had waived the defense when it had "engaged in extensive discovery and then invited the district court to enter judgment on the merits," and "[i]t was only after judgment was adverse to the State that it revealed that it had its fingers crossed behind its metaphorical back the whole time").

Plaintiff contends that the Eleventh Amendment only bars "retroactive damages," and not "prospective relief," citing *Frew v. Hawkins*, 540 U.S. 431, 436-37 (2004). Based on that proposition, Plaintiff seeks leave to file an amended complaint. In *Frew*, the Supreme Court explained the following:

> The Eleventh Amendment confirms the sovereign status of the States by shielding them from suits by individuals absent their consent. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54, (1996). To ensure the enforcement of federal law, however, the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law. *Ex parte Young*, [209 U.S. 123 (1908)]. This standard allows courts to order prospective relief, *see Edelman v. Jordan*, 415 U.S. 651 (1974); *Milliken v. Bradley*, 433 U.S. 267 (1977), as well as measures ancillary to appropriate prospective relief, *Green v. Mansour*, 474 U.S. 64, 71-73 (1985). Federal courts may not award retrospective relief, for instance, money damages or its equivalent, if the State invokes its immunity. *Edelman*, [415 U.S.] at 668.

540 U.S. at 437.

Notably, nothing in the opinion suggests that all types of "prospective relief" are available, rather than the narrow category of "prospective injunctive relief." While Plaintiff has expressed a desire to amend the complaint, he has not suggested how he would amend it, that is, what prospective, injunctive relief he would seek that would allow this Court to exercise personal jurisdiction over Defendant. Thus, the Court will grant Defendant's motion to dismiss for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2). *See Ku*, 322 F.3d at 435 (determining that "the immunity defense in cases otherwise falling within a federal court's original jurisdiction should be treated like the defense of lack of personal jurisdiction").

Accordingly, it is **ORDERED** that Defendant's motion to dismiss [Dkt. # 5] is **GRANTED**.

It is further **ORDERED** that the complaint [Dkt. # 1] is **DISMISSED WITHOUT PREJUDICE**.

It is further **ORDERED** that the hearing scheduled for April 30, 2009, is **CANCELED**.

          s/Thomas L. Ludington
          THOMAS L. LUDINGTON
          United States District Judge

Dated: April 20, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 20, 2009.

          s/Tracy A. Jacobs
          TRACY A. JACOBS